Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Case No:

------------------------------------------ X

CRISTINA PEDRAZA, FABIOLA
HERNANDEZ, MARGARITA
GARCIA, KAREN ABARCA,
AND YOHENIA GUERRERO,
*individually and on behalf of
others similarly situated*
         Plaintiffs,

**<u>29 U.S.C. § 216(b) COLLECTIVE
ACTION & F.R.C.P. 23 CLASS
ACTION</u>**

        v.

MEXICO LINDO DELIS & GROCERY LLC
(DBA MEXICO LINDO DELI) and
OJILDIE HERNANDEZ

**<u>COMPLAINT</u>**

        Defendants,

------------------------------------------ X

      Plaintiffs CRISTINA PEDRAZA, FABIOLA HERNANDEZ, MARGARITA

GARCIA, KAREN ABARCA, AND YOHENIA GUERRERO (hereafter referred to

collectively as "The Plaintiffs"), all former employees with various roles such as

preparers, customer service representatives, waitresses, and cooks, bring this Action

on behalf of themselves and other similarly situated employees of Defendants MEXICO

LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) and OJILDIE

HERNANDEZ (collectively, the "Defendants") pursuant to the Fair Labor Standards Act

("FLSA"), 29 USC §§ 201 *et seq.* and the New Jersey State Wage and Hour Law, NJSA

§34:11-56 *et seq* ("NJWHL"), and alleges as follows:

1

## <u>INTRODUCTION</u>

1.      This action is brought by the Plaintiffs, on behalf of themselves as well as other employees similarly situated, against Defendants for alleged willful and intentional violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      This Complaint seeks to recover unpaid minimum wages and overtime compensation for all Plaintiffs.

3.      The Plaintiffs are former employees of Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI), a New Jersey Corporation with headquarters at 81 Lexington Ave, Passaic, NJ 07055, and its principal, Defendant OJILDIE HERNANDEZ, employed the Plaintiffs as preparers, customer service representatives, waitresses and cooks for Defendants' restaurant in New Jersey.

4.       The Plaintiffs were paid $9, $10, $11, and $12 per hour through their employment. They were not paid any overtime despite working more than forty (40) hours per week.

5.      At all times relevant to this Complaint, Defendants willfully and intentionally maintained a policy and practice of requiring the Plaintiffs and the FLSA collective employees to work more than 40 hours per week without providing them with any additional compensation, as evidenced by timesheets, employee schedules, and other relevant documentation.

6.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and

practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

7.      Defendants willfully and intentionally refused to record all of the time that the Plaintiffs and similarly situated individuals employed by the Corporate Defendant worked, including the work performed in excess of forty hours each week.

8.      Accordingly, the Plaintiffs now bring this Action on behalf of themselves and those other similarly situated individuals for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, and failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 *et seq.*

9.      The Plaintiffs, in accordance with the FLSA, assert their right to recover from the Defendants: (1) unpaid overtime wages, calculated at one-and-a-half times their regular pay rate for each hour worked over forty in a workweek, (2) unpaid minimum wages, as set by federal and state law, (3) liquidated damages equal to the amount of unpaid wages, as provided by the FLSA for willful violations, (4) prejudgment interest on the unpaid wages, calculated from the date each wage payment was due until the date of judgment, and (5) post-judgment interest; and/or (6) reasonable attorneys' fees and costs, as provided by the FLSA.

10.     By reason of such intentional and willful violations, the Plaintiffs assert they are entitled to recover from the Defendants (1) unpaid overtime wages, (2) unpaid minimum wage, (3) liquidated damages, (4) prejudgment, and post-judgment interest; and/or (5) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

## JURISDICTION AND VENUE

11.     This Court has original federal question jurisdiction over this controversy

3

under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

<u>**PARTIES**</u>

**Plaintiff**

12.     Plaintiff CRISTINA PEDRAZA is and was at all times relevant hereto an individual residing in New Jersey.

13.     Plaintiff CRISTINA PEDRAZA was employed by Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) at its restaurant located at 81 Lexington Ave, Passaic, NJ 07055, in the position of a cook  from April 19, 2021, until March 8, 2024. During the hiring process, PEDRAZA was interviewed and given a job offer by Defendant OJILDIE HERNANDEZ. As a cook  PEDRAZA followed a work schedule set by HERNANDEZ, received daily instructions from HERNANDEZ regarding her duties, and was subject to disciplinary actions taken by HERNANDEZ. PEDRAZA also assisted in serving customers as directed by HERNANDEZ.

14.     At all times relevant hereto, Plaintiff PEDRAZA was a covered employee within the meaning of the FLSA and the NJWHL.

15.     Plaintiff FABIOLA HERNANDEZ is and was at all times relevant hereto an individual residing in New Jersey.

16.     Plaintiff FABIOLA HERNANDEZ was employed by Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) at its restaurant located at

4

81 Lexington Ave, Passaic, NJ 07055, in the role of a waitress, from on or about

September 1, 2023, until January 31, 2024. During the hiring process, HERNANDEZ was

interviewed and given a job offer by Defendant OJILDIE HERNANDEZ. As a waitress,

HERNANDEZ followed a work schedule set by OJILDIE HERNANDEZ, received daily

instructions from OJILDIE HERNANDEZ regarding her duties, and was subject to

disciplinary actions taken by OJILDIE HERNANDEZ.

17.    At all times relevant hereto, Plaintiff HERNANDEZ was a covered employee

within the meaning of the FLSA and the NJWHL.

18.    Plaintiff MARGARITA GARCIA is and was at all times relevant hereto an

individual residing in New Jersey.

19.    Plaintiff was employed by Defendant MEXICO LINDO DELIS & GROCERY

LLC (DBA MEXICO LINDO DELI) at its restaurant located at 81 Lexington Ave, Passaic,

NJ 07055, from on or about October 2023 until February 28, 2024, as a cook.

20.    At all times relevant hereto, Plaintiff GARCIA was a covered employee

within the meaning of the FLSA and the NJWHL.

21.    Plaintiff KAREN ABARCA is and was at all times relevant hereto an

individual residing in New Jersey.

22.    Plaintiff was employed by Defendant MEXICO LINDO DELIS & GROCERY

LLC (DBA MEXICO LINDO DELI) at its restaurant located at 81 Lexington Ave, Passaic,

NJ 07055, from on or about November 15, 2023, until January 15, 2024, as a cook.

23.    At all times relevant hereto, Plaintiff ABARCA was a covered employee

within the meaning of the FLSA and the NJWHL.

24.    Plaintiff YOHENIA GUERRERO was employed by Defendants from October

2023 until November 2023. During her employment, Defendants exercised control over

her job role and responsibilities, work schedule, and rate of pay. is and was at all times relevant hereto an individual residing in New Jersey.

25.     Plaintiff was employed by Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) at its restaurant located at 81 Lexington Ave, Passaic, NJ 07055, from on or about October 2023 until November 2023, as a cook.

26.     At all times relevant hereto, Plaintiff GUERRERO was a covered employee within the meaning of the FLSA and the NJWHL.

**Defendants**

27.     Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) is a duly organized business corporation under the laws of the State of New Jersey, with a principal place of business at 81 Lexington Ave, Passaic, NJ 07055, as per the available information and belief.

28.     Upon information and belief, and based on Plaintiff's personal knowledge, Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) is engaged in interstate commerce. This is evidenced by its reliance on foods and products transported across state lines, including but not limited to tortillas, tequila and other Mexican Products. Furthermore, it generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, a fact that has been consistent for each year relevant to Plaintiff's claims. The Defendant is a business engaged in interstate commerce with gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

29.     Based on the available information and belief, Defendant OJILDIE HERNANDEZ serves as a principal and/or officer of the Defendant MEXICO LINDO

DELIS & GROCERY LLC (DBA MEXICO LINDO DELI).

30.     Upon information and belief, and at all times relevant to the claims herein, Defendant OJILDIE HERNANDEZ: (i) was known as and referred to as "Boss" by the Plaintiffs and the other similarly situated employees of Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) known as "Boss" to Plaintiff; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff, which can be substantiated by pay stubs, corporate documents, or Plaintiff's bank records reflecting wages from Defendants; (iii) established work schedules and workload of the employees, as evidenced by work schedules, job descriptions, or internal communications; and (iv) maintained employee records, and had the authority to hire and fire employees, as proven by employment contracts, termination letters, or testimonies from Plaintiffs or other employees about hiring or firing incidents.

31.     In fact, Defendant OJILDIE HERNANDEZ wilfully hired the Plaintiffs, determined their work assignments, workload, and schedule, and calculated their pay, rate of pay, and hours worked.

32.     Defendant OJILDIE HERNANDEZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

33.     The Plaintiffs individually, and on behalf of all current and former non-exempt employees including preparers, customer service representatives, waitresses, and cooks, bring this action. These individuals were employed by the Defendants for up to the last three (3) years, through the entry of judgment in this case, defined as the "Collective

Action Period". These individuals, referred to as the "Collective Action Members", have not been compensated appropriately. This is due to the willful actions of the defendants, who failed to pay at least the overtime compensation for all hours worked in excess of forty (40) hours per week.

34.	With respect to their NJWHL claims, the Plaintiffs assert the same pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein (the "Class Period").

35.	All said persons, including the plaintiff, are referred to herein as the "Class."

36.	The Class members, numbers, and identities, are readily ascertainable and may be determined from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member are also determinable from the Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P

*Numerosity*

37.	The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of the number is presently within the sole control of the Defendants. However, based on Plaintiff's observations and experiences, as well as employment records, it is believed there are more than forty (40) members of the class.

*Commonality*

38.     There are questions of law and fact common to the Class which dominate over any questions affecting only individual class members, including:

     a.   Whether Defendant employed the Plaintiffs and the Class within the meaning of the NJWHL;

     b.   Whether the Plaintiffs and Class members are entitled to and paid minimum wage and overtime under the NJWHL;

     c.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of the Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

     d.   At what common rate, or rates subject to the common method of calculation was and are Defendants required to pay the Class members for their work;

*Typicality*

39.     The claims raised by the plaintiff are representative of the issues faced by all class members, and the relief sought by the plaintiff mirrors what other class members would seek in individual actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. The plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

40.     The plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The plaintiffs are represented by attorneys who are experienced and competent in successfully prosecuting both class action and

wage-and-hour employment litigation cases.

*Superiority*

41.     A class action is superior to other available methods for the fair and
efficient adjudication of the controversy, particularly in the context of wage and hour
litigation where individual Class members lack the financial resources to vigorously
prosecute a lawsuit against corporate defendants. Class action treatment will permit a
large number of similarly situated persons to prosecute their common claims in a single
forum simultaneously, efficiently, and without the unnecessary duplication of efforts and
expenses that numerous individual actions engender.  Because the losses, injuries, and
damages suffered by each of the individual Class members are small in the sense
pertinent to a class action analysis, the expenses and burden of individual litigation
would make it extremely difficult or impossible for the individual Class members to
redress the wrongs done to them.  Further, important public interests will be served by
addressing the matter as a class action.   The adjudication of individual litigation claims
would result in a great expenditure of court and public resources; however, treating the
claims as a class action would result in a significant reduction in these costs.  The
prosecution of separate actions by individual members of the Class would create a risk
of inconsistent and/or varying adjudications with respect to the individual members of
the Class, establishing incompatible standards of conduct for Defendants and resulting
in the impairment of class members' rights and the disposition of their interests through
actions to which they were not parties.  The issues in this action can be decided by
means of common, class-wide proof. In addition, if appropriate, the Court can and is
empowered to, fashion methods to efficiently manage this action as a class action.

42.     Upon information and belief, Defendants and other employers throughout the state violate the NJWHL.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

43.     The Plaintiffs consent to be named a party herein, pursuant to 29 USC § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

### COMMON FACTUAL ALLEGATIONS
Defendants, MEXICO LINDO DELIS & GROCERY LLC and OJILDIE HERNANDEZ,

44.     Defendants owned and operated MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI), a corporate entity principally engaged in the restaurant and food services industry. At all relevant times, Defendants MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) and OJILDIE HERNANDEZ possessed operational control over Defendant Corporation; possessed an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

45.     As a part of their regular business practices, the Defendants have intentionally, willfully, and repeatedly violated the FLSA, harming the Plaintiffs and other class members through a consistent pattern or policy of these violations.ng the FLSA. This pattern and/or policy includes, inter alia, the following:

        a.  failing to pay employees the applicable minimum wage and overtime rate for all time worked in excess of forty (40) hours per week;

11

b.  failing to keep accurate records of hours worked by employees, including the plaintiff, as required by the FLSA and NJWHL.

47.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation, as evidenced by internal communications, employee testimonies, and financial records. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to the Plaintiffs and the other class members.

48.    Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI), under the direct supervision and authority of Defendant OJILDIE HERNANDEZ, acted in line with the Defendants' interests. This included determining the rate and method of employee compensation, and exercising joint control over their employees.

49. At relevant times, Defendants MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) and OJILDIE HERNANDEZ exercised substantial control over the Plaintiffs and other similarly situated employees' working conditions, including but not limited to setting work hours, determining pay rates, and enforcing company policies. They also held authority over the policies and practices relating to the employment and compensation of the Plaintiffs and all similarly situated individuals referred to herein.

50.    Defendants MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) and OJILDIE HERNANDEZ jointly employed the Plaintiffs and all similarly situated individuals, as evidenced by shared control over work schedules, pay rates, and employment policies. They are the Plaintiffs' and all similarly situated individuals' employers as defined by 29 USC 201 et seq. and the NJWHL, which stipulate that an

employer is any individual acting directly or indirectly in the interest of an employer in relation to an employee.

51.     Defendants MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI), and OJILDIE HERNANDEZ constitute a single employer of the Plaintiffs and/or similarly situated individuals. The business divisions between them are fictional, as evidenced by shared HR functions, common management, interrelation of operations, and centralized control of labor relations.

52.     At all times relevant hereto, Defendants MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI), and OJILDIE HERNANDEZ were Plaintiffs' employers within the meaning of the FLSA, NJWHL, and other applicable laws. Defendants MEXICO LINDO DELIS & GROCERY LLC and OJILDIE HERNANDEZ, as Plaintiffs' employers, exercised their authority and control in various ways. They made hiring and firing decisions, as evidenced by employment contracts and termination letters. For instance, upon hiring PEDRAZA, HERNANDEZ outlined the terms of her employment and controlled her work assignments and hours. This is substantiated by PEDRAZA's work schedules and the detailed job descriptions provided by HERNANDEZ. HERNANDEZ also determined the rate and method of Plaintiffs' compensation, as shown in PEDRAZA's pay stubs and her wage agreement with HERNANDEZ. Furthermore, Defendants actively supervised Plaintiffs' work schedules and employment conditions, including direct supervision and instructions given to PEDRAZA, as can be substantiated by testimonies from PEDRAZA and other employees, as well as email correspondence and memos.

53.     Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which the Plaintiffs contend is deficient pursuant to FLSA and NJWHL requirements.

54.     Defendants are willfully aware of and by law are charged with the knowledge that under the FLSA, they are required to pay employees performing non-exempt duties, including the Plaintiffs and the other class members, overtime pay at a one-and-one-half the regular rate for work in excess of forty (40) hours per work week, as evidenced by training materials, handbook, memos, or correspondence that discuss the FLSA.

55.     At all relevant times, Defendants knowingly and willfully failed to pay the Plaintiffs their lawfully owed wage, at least the lawfully minimum wage, and overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek, as evidenced by payroll records, pay stubs, and time sheets.

56.     While employed by Defendants, the Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

57.     Defendants failed to keep full and accurate records of the Plaintiff's hours and wages, as evidenced by incomplete or missing timesheets, payroll records, and inconsistencies between the Plaintiffs' reported hours and actual hours worked.

### Plaintiff CRISTINA PEDRAZA

58.     Plaintiff CRISTINA PEDRAZA was hired by Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) to work as a  and cook at its restaurant located at 81 Lexington Ave, Passaic, NJ 07055, starting on April 19, 2021 and ending on March 8, 2024. In her role, PEDRAZA was responsible for preparing meals,

14

and working hours set by the Defendants. During the hiring process, PEDRAZA was interviewed and given a job offer by Defendant OJILDIE HERNANDEZ. As a and cook, PEDRAZA followed a work schedule set by HERNANDEZ, received daily instructions from HERNANDEZ regarding her duties, and was subject to disciplinary actions taken by HERNANDEZ.

59.     From 2021 to 2022, she worked every day from 4:00 A.M. to 9:00 P.M. Then, from Monday to Thursday, the workday was extended from 3:00 A.M. to 4:00 P.M., while on Tuesdays, it was from 3:00 A.M. to 8:00 A.M. On weekends, the schedule varied, with workdays from 3:00 A.M. to 7:00 P.M. from Friday to Sunday. The plaintiff worked approximately one hundred and nineteen (119) hours each week at the beginning of her employment; later on, she started working ninety-two (92) hours per week.

60. At all relevant times, Defendants willfully and intentionally did not possess a time clock, thereby preventing accurate recording, documentation, and memorialization of Plaintiff's work hours, as evidenced by written communication from the Defendants or testimonies from other employees. This lack of time tracking mechanism not only made it impossible for the Plaintiff to verify her hours of work but also enabled the Defendants to avoid paying her accurately for the hours worked.

61.     All the payments were made in cash. From April 19, 2021, until December 31, 2021, Plaintiff was paid $10 per hour, the underpayment per week was $712, and the total underpayment of that period of time was $26,344. From January 1, 2022, until December 31, 2022, Plaintiff was paid $12 per hour, the underpayment per week was $632.50, and the total underpayment of that period of time was $32,890. From January 1, 2023, until December 31, 2023, Plaintiff was paid $13 per hour, the underpayment per week was $471.34, and the total underpayment of that period of time was $24,509. From

January 1, 2024, until March 8, 2024, Plaintiff was paid $13 per hour, the underpayment per week was $589.34, and the total underpayment of that period of time was $5,893. The total amount of unpaid wages is approximately $89,637.

62. Defendants willfully neglected to pay Plaintiff for the substantial amount of overtime hours worked beyond the standard forty (40) hours per week, totaling approximately X hours over the course of her employment.

63. Defendants willfully did not provide Pla by the Fair Labor Standards Act (FLSA)intiff with each payment of wages an accurate statement of wages and never provided Plaintiff with written notice of her rate of pay, employer's regular payday, and such other information as required.

## Plaintiff FABIOLA HERNANDEZ

64. Plaintiff FABIOLA HERNANDEZ was hired by Defendant MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) to work as a waitress at its restaurant located at 81 Lexington Ave, Passaic, NJ 07055, from on or about September 1, 2023, until January 31, 2024. During the hiring process, HERNANDEZ was interviewed and given a job offer by Defendant OJILDIE HERNANDEZ. As a waitress, HERNANDEZ followed a work schedule set by OJILDIE HERNANDEZ, received daily instructions from OJILDIE HERNANDEZ regarding her duties, and was subject to disciplinary actions taken by OJILDIE HERNANDEZ.

65. The plaintiff worked a regular work schedule from 4:00 A.M. to 2:00 P.M., six days a week, with Monday as a rest day. However, it is important to note that during her employment, Plaintiff had to work on her days off, on Monday, on approximately 8 occasions. On these occasions, the workday was 6 hours. In addition, it is worth mentioning that during a specific month, Plaintiff worked an extended schedule from 4:00

A.M. to 8:00 P.M., which meant a daily workday of 16 hours and a total of 96 hours per week. The plaintiff regularly worked approximately sixty to sixty-six (60-66) hours per week.

66.     At all relevant times, Defendants did not possess a time clock in order to record, document, and memorialize Plaintiff's work hours, and Plaintiff was not required to record her hours of work otherwise.

67. All the payments were made in cash, as evidenced by the Plaintiff's bank statements, ATM withdrawal records, and witness testimonies. From September 1, 2023, until September 30, 2023, Plaintiff was paid $6.25 per hour, the underpayment per week was $1,260, and the total underpayment of that period of time was $5,040. From October 1, 2023, until December 23, 2023, Plaintiff was paid $10 per hour, the underpayment per week was $450, and the total underpayment of that period of time was $5,400. From December 24, 2023, until December 31, 2023, Plaintiff was paid $9 per hour, the underpayment per week was $585, and the total underpayment of that period of time was $585. From January 1, 2024, until January 31, 2024, Plaintiff was paid $10 per hour, the underpayment per week was $450, and the total underpayment of that period of time was $1,800. The total amount of unpaid wages is approximately $12,825.

68.     Defendants willfully failed to pay Plaintiff overtime for those hours she worked beyond forty (40) hours per week.

69. Defendants willfully failed to provide Plaintiff with an accurate statement of wages with each payment. Furthermore, Defendants never provided Plaintiff with a written notice of her rate of pay, the employer's regular payday, and other required information.

*Plaintiff MARGARITA GARCIA*

70. From on or about October 2023 until February 28, 2024, Plaintiff was hired by

Defendants to work as a cook at MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI), located at 81 Lexington Ave, Passaic, NJ 07055. During this period, Plaintiff was given specific work-related instructions and directives, and was subject to disciplinary actions under Defendants' discretion.

71.     The plaintiff worked a regular work schedule from 4:00 A.M. to 1:00 P.M., six days a week, totaling approximately fifty-four (54) hours per week. The plaintiff regularly worked approximately fifty-four (54) hours per week.

72.     At all relevant times, Defendants did not possess a time clock in order to record, document, and memorialize Plaintiff's work hours, and Plaintiff was not required to record her hours of work otherwise.

73.     All the payments were made in cash. From October 1, 2023, until December 31, 2023, Plaintiff was paid $10 per hour, the underpayment per week was $265, and the total underpayment of that period of time was $3,445. From January 1, 2024, until February 28, 2024, Plaintiff was paid $10 per hour, the underpayment per week was $265, and the total underpayment of that period of time was $2,120. The total amount of unpaid wages is approximately $5,565.

74.     Defendants willfully and intentionally never paid Plaintiff overtime for those hours she worked beyond forty (40) hours per week, in violation of the Fair Labor Standards Act (FLSA).

75.     Defendants did not provide Plaintiff with each payment of wages an accurate statement of wages and never provided Plaintiff with written notice of her rate of pay, employer's regular payday, and such other information as required.

*Plaintiff KAREN ABARCA*

76. From on or about November 15, 2023, to January 15, 2024, Plaintiff was hired

by Defendants to work as a cook at MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI), located at 81 Lexington Ave, Passaic, NJ 07055. Defendants were responsible for setting the Plaintiff's work schedule and assigning her duties, exerting a clear level of control over her employment conditions.

77.     The plaintiff worked from November 15, 2023, to December 15, 2023, from Monday to Sunday from 4:00 A.M. to 11:00 A.M. and from December 15, 2023, to December 31, 2023, from Monday to Monday from 4:00 A.M. to 1:00 P.M. And on January 1, 2024, through January 15, 2024, Monday through Saturday from 4:00 A.M. to 8:00 A.M. The plaintiff worked forty-nine (49) hours per week at the beginning of her employment, later on, sixty-three (63) and finally she worked twenty-four (24) hours per week.

78.     At all relevant times, Defendants willfully and intentionally did not possess a time clock in order to record, document, and memorialize Plaintiff's work hours. Furthermore, Defendants did not require or provide any alternative means for the Plaintiff to record her hours of work, thus maintaining control over the tracking of work hours, and Plaintiff was not required to record her hours of work otherwise.

79.     All the payments were made in cash. From November 15, 2023, until December 15, 2023, Plaintiff was paid $10 per hour, the underpayment per week was $212.50, and the total underpayment of that period of time was $850. From December 16, 2023, until December 31, 2023, Plaintiff was paid $10 per hour, the underpayment per week was $737.50, and the total underpayment of that period of time was $1,475. From January 1, 2024, until January 15, 2024, Plaintiff was paid $10 per hour, the underpayment per week was $110, and the total underpayment of that period of time was $220. The total amount of unpaid wages is approximately $2,545.

80.     Defendants willfully and intentionally never paid Plaintiff overtime for those

hours she worked beyond forty (40) hours per week.

81.     Defendants did not provide Plaintiff with each payment of wages an accurate statement of wages and never provided Plaintiff with written notice of her rate of pay, employer's regular payday, and such other information as required.

### Plaintiff YOHENIA GUERRERO

From on or about October 2023 until November 2023, Plaintiff YOHENIA GUERRERO was hired by Defendants to work as a cook at MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI), located at 81 Lexington Ave, Passaic, NJ 07055. The hiring process was managed by the defendants, who also set her work schedule, provided daily work orders, and had disciplinary authority over her during her employment tenure.

83.     The plaintiff worked a regular work schedule from 4:00 A.M. to 1:00 P.M., seven days a week. The plaintiff regularly worked approximately sixty-three (63) hours per week.

84.     At all relevant times, Defendants did not possess a time clock in order to record, document, and memorialize Plaintiff's work hours, and Plaintiff was not required to record her hours of work otherwise.

85.     All the payments were made in cash. From October 1, 2023, until November 1, 2023, Plaintiff was paid $9 per hour, the underpayment per week was $597.50, and the total underpayment of that period of time was $2,390. The total amount of unpaid wages is approximately $2,390.

86.     Defendants willfully and intentionally never paid Plaintiff overtime for those hours she worked beyond forty (40) hours per week.

87.     Defendants did not provide Plaintiff with each payment of wages an accurate

statement of wages and never provided Plaintiff with written notice of her rate of pay, employer's regular payday, and such other information as required.

## General Employment Practices of Defendants

88.     As part of their regular business practices, Defendants willfully and intentionally required the Plaintiffs to work without paying the proper minimum and overtime wages required by law.

89.     As part of their regular business practice, Defendants willfully disregarded and purposefully evaded the record-keeping requirements of the FLSA and NJWHL by intentionally failing to maintain <u>accurate</u> and complete timesheets and payroll records.

90.     By willfully and intentionally employing this practice, Defendants avoided paying the Plaintiffs at the overtime rate of time and a half for all of their hours worked in excess of forty (40) hours per week.

91.     Defendants willfully and intentionally failed to fulfill their statutory obligations by not posting the required wage and hour posters. They also did not provide the Plaintiffs with statutorily required wage and hour records or statements of pay received. This was done to conceal their violations of wage and hour laws, and to exploit the Plaintiff's relative lack of knowledge of these laws.

92.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours the Plaintiffs worked, and to avoid paying Plaintiff properly for (1) their full hours worked, (2) for overtime due, and (3) minimum wage.

93.     Defendants willfully and intentionally failed to provide the Plaintiffs and other employees, at the time of hiring and on or before January of each subsequent year, a

statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office, a mailing address if different; and the telephone number of the employer, as required by law.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage and Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

94.     The Plaintiffs, on behalf of themselves and the other similarly situated class members, re-allege and incorporate by reference all allegations in all preceding paragraphs as though fully set forth herein.

95.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire the Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

96. At all times relevant to this action, Defendants were engaged in the food service industry, an activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

97.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than

one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

98. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid minimum wage and overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

99. Defendants' willful and intentional failure to pay the Plaintiffs and the FLSA Collective their overtime pay violated the overtime provisions of the FLSA, specifically 29 U.S.C. § 207(a).

100. At all relevant times, Defendants had, and continue to have, a consistent and systematic policy of practice of refusing to pay minimum wage and overtime compensation at the statutory rate of time and a half to the Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

101. The FLSA and supporting regulations require employers to notify employees of their rights and obligations under employment law. 29 C.F.R. §516.4.

102. Defendants willfully and knowingly failed to notify the Plaintiffs and FLSA Collective of the requirements of the Fair Labor Standards Act (FLSA) and other relevant employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

103. Throughout the relevant time period, Plaintiff and the FLSA collective worked in excess of forty (40) hours per workweek.

23

104. At all relevant times throughout their employment, Defendants operated under a policy of willfully and intentionally failing and refusing to pay the Plaintiffs and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though the Plaintiffs and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

105. At all relevant times throughout the Plaintiffs and the class members' employment, Defendants willfully, regularly, and repeatedly failed to pay the required overtime rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours per workweek.

106. Defendant's failure to pay the Plaintiffs overtime compensation was willful and deliberate within the meaning of 29 USC § 255(a).

107. Defendants, in violation of the FLSA, willfully and knowingly failed to pay The Plaintiffs agreed-upon wages by virtue of their withholding policies, time-clock policies, and chargeback policies as described herein.

108. Defendants willfully and intentionally failed to satisfy the FLSA's recordkeeping requirements.

109. Defendants acted willfully and knowingly in their violations of the FLSA's requirements.

110. The Plaintiffs and the class members seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper damaged in an amount to be determined at trial.

## COUNT II.
## [Violation of New Jersey Labor Law—Minimum Wage and Overtime Pay Brought on behalf of the Plaintiffs and Rule 23 Class]

111.   The Plaintiffs, on behalf of themselves and the other similarly situated class members, re-allege and incorporate by reference all allegations in all preceding paragraphs as though fully set forth herein.

112.   At all relevant times, Defendants, who had hired the Plaintiffs, established their work schedules, provided daily work orders, and had the power to discipline and terminate them, had a policy and practice of willfully and knowingly refusing to pay the minimum wage and overtime compensation to the Plaintiffs at one and one-half times the hourly rate to which the Plaintiffs and the class are entitled.

113.   Defendants' willful and intentional failure to pay the Plaintiffs, despite their control over their work conditions and schedules, was not in good faith.

114.   By reason of Defendants' willful and deliberate failure to pay the Plaintiffs and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid minimum wage and overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief: Authorizing the Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or

have up through the extent allowable under the statute of limitations and including the date of issuance of a court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages and minimum wages;

a)   Certification of this case as a collective action pursuant to FLSA;

b)   Issuance of notice, in accordance with 29 U.S.C. § 216(b), to all individuals who are similarly situated members of the FLSA opt-in class. This notice should inform them about the ongoing lawsuit and allow them to assert their FLSA claims and any relevant state claims in a timely manner by filing individual 'Consent to Sue' forms, as per 29 U.S.C. § 216(b), and appointing the Plaintiffs and their counsel to represent the Collective Action Members;

c)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

d)   An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

e)   An award of unpaid minimum wages and overtime wages due under FLSA NJWHL plus compensatory and liquidated damages;

f)   An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful and deliberate failure to pay wages at least the minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

g) An award of liquidated and/ or punitive damages as a result of Defendants' willful and deliberate failure to minimum wages and overtime compensation, pursuant to the NJWHL;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i) The cost and disbursements of this action;

j) An award of prejudgment and post-judgment fees; and

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: May 2, 2024

By: _____

Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
LS@stillmanlegapc.com
*Attorneys for Plaintiff*