

**VIA ECF**
Hon. Leda Wettre

<b>Pedraza et al. v. Mexico Lindo Delis & Grocery LLC <u>et al., Case No.</u></b>

Dear Honorable Judge

    On behalf of Defendants Mexico Lindo Delis & Grocery LLC and Ojildie Hernandez, and in conjunction with Plaintiff's counsel, we submit this joint letter seeking the Court's approval of the negotiated settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

    **I.**    **Background and Settlement**

Plaintiffs Cristina Pedraza, Fabiola Hernandez, Margarita Garcia, Karen Abarca, and Yohenia Guerrero filed this Complaint against Mexico Lindo Delis & Grocery LLC and Ojildie Hernandez (collectively "Defendants"), asserting claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NJWHL") for unpaid wages. The complaint alleges violations of wage and hour laws, including claims for unpaid minimum wages, overtime compensation, and related damages and penalties under both federal and state law.

    In lieu of protracted litigation, the parties engaged in arms-length settlement negotiations. The parties exchanged detailed damage calculations and time records maintained by Defendant as well as electronic communications between the parties.

    The parties have resolved the FLSA and NJWHL claims and set forth in the Settlement Agreement and below. Since this settlement involves FLSA claims, Plaintiffs respectfully requests that Your Honor approve this settlement as fair and reasonable for the reasons set out below.

    **II.**    **The Proposed Settlement is Fair and Reasonable**



The court in *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*internal citations omitted*).

### A. This Settlement Satisfies the *Wolinsky* Factors

Following productive negotiations', the parties have successfully reached an agreement to resolve Plaintiffs FLSA and NJWHL wage and hour claims for a total sum of $50,000. This settlement amount represents a reasonable compromise considering the disputed nature of Plaintiffs' claims and Defendants' defenses. This settlement not only allows Plaintiff to recover a substantial portion of their alleged damages, but it also ensures that tthe$_{yy}$ receive prompt payment without tthei risk of a protracted litigation process that may lead to an uncertain outcome. Further, the settlement allows both parties to avoid the costs, time, and uncertainty associated with further litigation, which is particularly beneficial to Plaintiff given the ongoing financial strain caused by the unpaid wages. The negotiations were conducted at arm's length and both parties were represented by experienced counsel, ensuring that the interests of both parties were adequately protected, and the settlement was not the result of fraud or collusion. Moreover, the agreed attorneys' fees are reasonable considering the complexity of wage and hour cases that often require specialized legal expertise. Additionally, the Plaintiff has had the opportunity to thoroughly review the terms of the settlement and has agreed to them voluntarily, without



coercion or undue influence, which further underscores the fairness and reasonableness of the settlement. Furthermore, given the potential defenses available to Defendants, there is a possibility that Plaintiff could recover less, or nothing at all, if the case were to proceed to litigation. Based on these factors, the agreement is fair, reasonable, and should be approved by the Court.

### i.     *Plaintiff's Range of Possible Recovery*

Under the negotiated Settlement Agreement, the total compensation of $50,000.00 will be disbursed as specified in the Settlement Agreement, with individual allocations to each Plaintiff and $18,498.00 allocated to Stillman Legal, P.C. for attorneys' fees and costs. This settlement amount, while representing a compromise, ensures some recovery for the Plaintiff without the risks associated with litigation and provides a quicker financial resolution for the Plaintiff, which further attests to its fairness and reasonableness.

However, after considering Defendants' financial condition and their demonstrated inability to pay the full amount, the parties agreed to a reduced settlement amount that Defendants could feasibly pay while still providing meaningful compensation to Plaintiff. Prior to settlement discussions, Plaintiffs calculated potential damages at significantly higher amounts than the agreed settlement sum of $50,000.00, encompassing unpaid wages, statutory liquidated damages, penalties, accrued interest, and legal fees under the FLSA and NJWHL. This figure represented the maximum potential recovery under optimal circumstances.

### ii. *The Settlement Mitigates Litigation Risks and Eliminates Future Procedural Burdens, Supporting its Overall Fairness*

Plaintiffs wish to avoid the risk of further litigating their claims. There would be numerous depositions, discovery has not begun but there is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks because of the fact-intensive nature of proving liability under the FLSA and NJWHL. Defendants strongly contend that Plaintiffs did not work the hours that they claim and informal time logs will support the hours Plaintiffs actually worked which is significantly less than what is alleged in the Complaint. However,



Defendants too face anticipated burdens and litigation expenses in establishing their respective defenses. They failed to maintain complete and accurate time and pay records. Thus, Plaintiffs believe the settlement amount is a fair result, obtaining a partial recovery of their alleged back wages based on Plaintiffs' asserted theories of liability while eliminating the risks of trial. Further litigation would be highly risky to Plaintiffs as they would face the possibility of receiving lesser amounts than what is allocated to them in the settlement. In addition, the time, stress and emotional toll associated with a prolonged trial could significantly impact Plaintiffs' wellbeing and quality of life. The settlement provides an immediate and certain resolution, allowing Plaintiffs to move forward without the uncertainties and pressures of a trial. Additionally, the expenses for trial are high which may mean the attorneys' fees and expenses may be higher than Plaintiffs' actual recovery. Defendants, on the other hand, believe the settlement to be fair and reasonable because it will enable the parties to avoid further anticipated burdens and expenses, including attorney's fees, which would be significant if the case were to go to trial.

### iii. *The Settlement Stems from Good Faith Negotiations Between Independent Parties*

The settlement's fairness and reasonableness are evidenced by the fact that both parties engaged in negotiations through qualified counsel with substantial experience in wage and hour litigation. The parties exchanged some documents and shared related facts and information to reach a settlement. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive some recovery for their alleged back wages based on Plaintiffs' asserted theories of liability and eliminating the burdens and costs of trial. The arm's length negotiations between knowledgeable counsel followed, culminating in a negotiated resolution, which eliminated the inherent risks and costs of litigation.

### III. **The Attorneys' Fees are Fair and Reasonable**

As specified in the Settlement Agreement, the settlement amount of $50,000 includes allocations to each plaintiff and attorneys' fees. This arrangement represents a reasonable resolution considering the work performed and risks undertaken in this matter. Plaintiffs' counsel requests an award of attorneys' fees representing approximately thirty-seven percent of the total settlement amount plus costs. The requested fee is fair and reasonable. Plaintiff's counsel's fees represent 33.3% of the settlement, which is reasonable, considering the time Plaintiff's counsel spent pursuing a pre-suit resolution of this claim, drafting the Complaint, researching the



claims, meeting with the client, reviewing and producing discovery, negotiating the settlement with Defendant through active participation, and jointly drafting the settlement documents and approval motion.

The legal fees equal approximately 37% of the settlement amount. Courts in this Circuit typically approve attorneys' fees that range between 30% and one third. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Using the "percentage of the fund" method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. *Necole Rotthoff v. New York State Catholic Health Plan, Inc., et al.,* No. 19-CV-4027AMDCLP, 2021 WL 1310220, at *4 (E.D.N.Y. Apr. 8, 2021) (citations omitted).

### A. Goldberger Factors

The practice in the Second Circuit has been to apply the percentage method and loosely use the lodestar method as a "baseline" or as a "cross check." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (noting that "where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court"). As part of the cross check, the lodestar is determined by multiplying the hours reasonably expended on the case by a reasonable hourly rate. *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *13 (S.D.N.Y. April 16, 2012). Plaintiff's retainer with their attorneys was contingency based; that their counsel would receive one-third of any recovery plus expenses.

The Court should also consider if the attorneys' fees are reasonable based on the *Goldberger* factors: (1) time and labor expended by counsel; (3) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50. Based on Plaintiff's counsel's records documenting the time and labor spent on reaching this settlement, the risks involved in litigating this matter, the quality of Plaintiff's counsel's representation, and the public policy considerations, Plaintiff respectfully requests that the Court approve Plaintiff's counsel's requested attorneys' fees.



Here, Plaintiffs' counsel expended approximately 44 hours of legal work on this action at a rate of $400 per hour. Courts frequently have approved a similar rate for attorneys with similar experience. *See* <u>Doo Nam Yang v. ACBL Corp. et al</u>, 2006 WL 435720, at 2-4 (S.D.N.Y. 2006); <u>Liu v. Jen Chu Fashion Corp. et al</u>, 2004 WL 33412, 6 (S.D.N.Y. 2004). Plaintiffs' counsel's lodestar is a reasonable estimate of the fees accrued to date. See Plaintiff's Counsel's Invoice. As such, Plaintiff's request should be approved. *See, e.g.*, *Yang v. Sunshine ISA, Inc.*, No. 15 Civ. 5031, 2016 WL 6746763, at *3 (E.D.N.Y. Nov. 14, 2016) (granting attorney's fees of one-third where counsel's records demonstrated where fees would be 41% of the lodestar).

Attached hereto as **Exhibit B** are Plaintiffs' counsel's detailed billing records.

Wage and hour litigation presents substantial challenges, from quantifying precise unpaid compensation to establishing clear employer accountability, while requiring extensive navigation of intricate labor regulations. Plaintiffs' Counsel prosecuted this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of tremendous risk. Wage and hour cases, such as the current one, are inherently complicated and time-consuming due to the need to meticulously analyze pay records, establish employer liability, and interpret complex labor laws. Undertaking this type of representation, investing time, energy, and resources, and being prepared for the very real possibility of an unsuccessful outcome, chasing a judgment, or no fee at all, is a real risk. To date, Plaintiff's counsel has not received any compensation for services rendered in this litigation. In conclusion, rewarding attorneys' fees that recognize the significant risk assumed by Plaintiff's Counsel is a fair and reasonable outcome. This is particularly true when representing employees like Plaintiffs, where concerns over collectability are often significant. Furthermore, such an award will ensure that counsel can continue to represent similarly situated plaintiffs in the future, advancing public interest in protecting labor rights.

The Parties disagree about the merits of the Plaintiffs' claims, the viability of Defendants' defenses, and the proper calculation of damages. Without settlement, the Parties would have engaged in extensive preparations for a multi-day jury trial on the merits of the claims and proper calculation of damages. Even if the Plaintiffs had prevailed at trial, the Defendant could have appealed to the Third Circuit, further delaying the resolution. In such a scenario, Plaintiffs would not see any monetary relief from this case until years from now. Additionally, they would bear the



significant emotional stress and financial burden of a protracted litigation process, which could have adverse effects on their mental and physical health, and financial stability. The settlement, therefore, provides a fair, reasonable, and immediate resolution to their claims.

As for the quality of representation, Stillman Legal PC and Lina Stillman, have a long history of representing clients on employment related matters. With a track record of twelve (12) years of successfully handling complex cases like this litigation, the Firm has proven its proficiency and is indisputably qualified to represent the Plaintiffs. The Firm has participated in numerous federal case filings in the District of New Jersey as well as state filings before the EEOC, New Jersey Department of Labor and Workforce Development, New Jersey Division on Civil Rights, mediations and arbitrations and cases that have been resolved pre-litigation. The background and history of cases demonstrate Plaintiffs' counsels' experience, and the result in this case also speaks to the quality of the representation. The high-caliber representation afforded to the Plaintiff undoubtedly contributed to the positive resolution of this case. The fact that the settlement was achieved through the efforts of such experienced and dedicated counsel further underscores its fairness and reasonableness. The settlement amount is reflective of the Plaintiffs' damages and is in line with or exceeds amounts awarded in similar cases, providing further evidence of its fairness and reasonableness. The efforts of the counsel have led to a significant recovery for the Plaintiffs without the undue delay and uncertainty of a prolonged litigation process. Plaintiff's counsels' skill and experience were directly responsible for the favorable outcome for their client, which not only provided redress for the Plaintiff but also served to enforce vital labor laws. Additionally, the settlement amount is reflective of the Plaintiff's damages and is in line with or exceeds the amounts awarded in similar cases, providing further evidence of its fairness and reasonableness.

As demonstrated above, the requested fee amount consists of approximately thirty-seven percent (37%) of the settlement fund which has routinely been granted. Lastly, public policy considerations strongly support granting Plaintiff's counsels' fees. This incentivizes capable counsel to represent employees in wage and hour disputes, deters employers from engaging in comparable violations, and contributes to the broader goal of promoting labor rights. These considerations, coupled with the fact that this case could set a precedent for future wage and hour disputes, clearly demonstrate the settlement's fairness and reasonableness. See *Prasker v. Asia Five Eight, LLC*, 2010 U.S. Dist. LEXIS 1145, at *17 (S.D.N.Y. Jan. 6, 2010) ("Attorneys who fill the private attorney general role must be adequately compensated for their



efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk."); *see also* Goldberger, 209 F.3d at 51 (commending "sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest.").

      IV.      **Conclusion**

For all of the reasons set forth above, the Parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal, which is attached as Exhibit A to the Settlement Agreement.

We thank Your Honor for your time and attention in this matter.


Respectfully submitted,


/s/ Lina Stillman
Lina Stillman, Esq.
Attorney for Plaintiffs Cristina Pedraza,
Fabiola Hernandez, Margarita Garcia,
Karen Abarca, and Yohenia Guerrero

Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, NY 10004


cc:    All Counsel (via ECF)


Enclosures: