# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRISTINA PEDRAZA, FABIOLA HERNANDEZ, MARGARITA GARCIA, KAREN ABARCA, AND YOHENIA GUERRERO, *individually and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> MEXICO LINDO DELIS & GROCERY LLC (DBA MEXICO LINDO DELI) and OJILDIE HERNANDEZ, <br><br> Defendants. | Civil Action No. 24-5805 (LDW) <br><br> **MEMORANDUM OPINION AND ORDER APPROVING FLSA SETTLEMENT** |

This matter comes before the Court by way of the parties' joint motion for final settlement approval. (ECF 19). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF 21). The Court makes the following findings of fact and conclusions of law in approving the settlement.

## I.    Background and Procedural History

1.    The parties' proposed settlement resolves plaintiffs' wage claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq*.

2.    Plaintiffs, a group of former customer service representatives, waitresses, and cooks, commenced this action on May 2, 2024, against their former employer, defendant Mexico Lindo Delis & Grocery LLC and its principal/officer and manager, defendant Ojildie Hernandez. Plaintiffs allege that defendants failed to pay them the minimum wage and overtime compensation for time worked in excess of forty hours per

week, in violation of the NJWHL and the FLSA.  (Compl., ECF 1).  Defendants failed to timely answer or otherwise respond to the complaint, and plaintiffs accordingly requested the Clerk of the Court enter default as to them (ECF 7), which the Clerk of the Court entered on September 4, 2024.  Soon thereafter counsel for defendants appeared, and the parties entered a stipulation to vacate the Clerk of the Court's entry of default.  On September 9, 2024, the undersigned granted the parties' stipulation and extended the time for defendants to answer or otherwise respond to the complaint.  (ECF 12).  Defendants then answered the complaint on September 30, 2024, generally denying the allegations.  (ECF 13).

3.      The undersigned began supervising pretrial discovery and held an initial scheduling conference on November 14, 2024.  The Court entered a Pretrial Scheduling Order (ECF 16) as well as, at the parties' request, an order referring the case to mediation before the Honorable Harriet Derman.  (ECF 17).  The parties therefore proceeded to engage in discovery while simultaneously conducting mediation.

## II.      Settlement

4.      At a February 6, 2025 telephone conference before the undersigned, the parties advised the Court that they had reached a settlement in principle at mediation.  The Court memorialized the parties' agreement in a text order, and further directed them to file a motion for FLSA settlement approval.  (ECF 18).

5.      The parties agreed to settle this case for a total amount of $50,000.00 (the "Settlement Amount") in full satisfaction of plaintiffs' claims and their attorneys' fees and costs. (ECF 19 at ¶ 2).

6. The parties further agreed that the settlement sum is to be paid in a single installment by check issued to "Stillman Legal, P.C., as attorneys," (ECF 19-1 at 2), counsel for plaintiffs, and distributed as follows:

    a. A payment to plaintiff Cristina Pedraza in the sum of $20,997.30. (ECF 19-1 at 2).

    b. A payment to plaintiff Fabiola Hernandez in the sum of $3,576.54. (*Id*. at 2).

    c. A payment to Margarita Garcia in the sum of $2,885.26. (*Id*. at 2).

    d. A payment to Karen Abarca in the sum of $2,043.06. (*Id*. at 2).

    e. A payment to Yohenia Guerrero in the sum of $1,999.85). (*Id*. at 2).

    f. A payment to Stillman Legal, P.C. of $18,498.00 for attorneys' fees and costs. (*Id*. at 2).

## III.  Final Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's

overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

9.      Here, plaintiffs allege that their total pay owed, excluding liquidated damages, amounted to approximately $112,962. (Compl., ECF 1 ¶¶ 61, 67, 73, 79, 85). The Court determines that plaintiffs' agreement to settle for the lesser sum of $50,000 constitutes a compromise of a bona fide dispute for three principal reasons. First, defendants maintain that they paid plaintiffs in full compliance with the applicable laws and admit no liability. (Answer, ECF 13; *see also* ECF 19 at 2). Moreover, defendants vigorously dispute the number of hours plaintiffs claim they worked, contending that the time logs they kept, although informal, will evidence plaintiffs worked far fewer hours than those alleged in the complaint. (*Id*. at 4). Accordingly, there is no guarantee that plaintiffs would be able to adequately demonstrate their losses at trial or prevail at all after further litigation. Second, by reaching a settlement at the early stages of litigation, plaintiffs avoid significant delay in recovering their alleged unpaid wages. Third, the settlement serves to obviate the possibility that defendants would not be able to pay a higher award of damages should plaintiffs ultimately prevail at trial. (*Id*. at 3 (noting defendants' "demonstrated inability to pay full amount" of alleged damages)). The settlement thus serves as a reasonable compromise of the disputed claims.

10.      Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel at Court ordered mediation. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

11.     The parties have submitted a final settlement agreement, which has been reviewed by the Court.  (ECF 19-1).  The Court finds the release provisions contained therein fully comply with applicable law as it does not include a waiver of claims beyond plaintiffs' wage claims in this litigation.  (*See* ECF No. 19-1 ¶ 2).  Nor does the agreement contain a confidentiality provision.  While the agreement does include a mutual non-disparagement clause, it does not preclude plaintiffs from "making truthful statements about the Action" (ECF 19-1 ¶ 6) such that it would "frustrate[] the purpose of the FLSA." *Lyons v. Gerhard's, Inc*., 14-CV-6693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015).

12.     Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF No. 19-1) and approves the payment to be made to plaintiffs in the amount stated in the Settlement Agreement.

## IV.    Award of Attorneys' Fees and Costs

13.     When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted).

14.     Plaintiffs' Counsel seeks $18,498.00 in fees and reimbursement for costs.

15.     Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling plaintiffs' claims.

5

16.     The fees requested represent slightly more than one-third of the total settlement amount, which has been held to be fair and reasonable in this District. *See Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees of approximately 30 percent of settlement funds were found reasonable); *see also Haynes v. Artech L.L.C.*, No. 20-9173, 2021 WL 3130826, at *2 (D.N.J. July 23, 2021) (finding an award of attorneys' fees representing 40% of the total settlement amount reasonable). Moreover, a lodestar cross check confirms the reasonableness of the amount sought, as plaintiffs' counsel expended time on the case amounting to nearly $18,000 in billable hours.  (ECF 19 at 6).

17.     The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $18,498.00.

**V.      Conclusion and Dismissal**

18.     The Court approves the terms and conditions of the Settlement Agreement.

19.     The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

20.     The action is hereby dismissed with prejudice pursuant to a stipulation and order entered separately, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement.

21.     The Clerk of the Court shall terminate the motion at ECF 19 and mark the case CLOSED.

**It is so ORDERED this 2nd day of May 2025**.


_s/ Leda Dunn Wettre_
Leda Dunn Wettre
United States Magistrate Judge